United States District Court
Middle District of Florida
Jacksonville Division

CANDI CAKE,

  *Plaintiff,*

v.              No. 3:16-CV-102-J-32PDB

CASUAL CONCEPTS, INC.,
RONALD LEGRAND, & JOHN LONG,

  *Defendants.*

---

# Order

  In this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201–19, the plaintiff alleges the defendants failed to pay her wages as required and fired her for complaining about the failure. Doc. 9. Before the Court is the defendants' motion to compel her to respond to interrogatories and requests for production and award expenses incurred in bringing the motion. Doc. 20. She has not responded to the motion, and the time for doing so has passed. The discovery deadline is February 15, 2017. Doc. 18.

  Federal Rule of Civil Procedure 1 provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The addition of "and the parties" places shared "responsibility to employ the rules in the same way." Fed. R. Civ. P. 1, Advisory Comm. Notes (2015 Amend.). "Effective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure." *Id.*

  Federal Rule of Civil Procedure 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Under Federal Rule of Civil Procedure 33, "Any ground [for objecting to an interrogatory] not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). This Court generally applies the same waiver rule when a party fails to timely object to a request for production. *See* Middle District of Florida Discovery Handbook, § III.A.6 (rev'd June 5, 2015).

Federal Rule of Civil Procedure 37 provides that a party "seeking discovery may move for an order compelling an answer, designation, production, or inspection … [if] a party fails to answer an interrogatory submitted under Rule 33 … [or] fails to produce documents … as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). If a court grants a motion to compel discovery, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i–iii). Nondisclosure, a response, or an objection is substantially justified if reasonable people could differ on its appropriateness. *Maddow v. Proctor & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997).

The defendants assert that, on **August 26, 2016**, they served six discovery requests on the plaintiff: three sets of interrogatories (one from each defendant) and three requests for production (also one from each defendant), with responses due by **September 29**. Doc. 20 at 1–2. On **October 18**, having received no response, the defendants' counsel asked the plaintiff's counsel about the status of the responses,

and the plaintiff's counsel stated they had already been sent but would be resent. Doc. 20 at 2. On **November 17**, the defendants' counsel asked about the status of the responses, and the plaintiff's counsel responded he would serve them as soon as possible. On **December 6**, the defendants' counsel "conferred regarding [the defendants'] intention to file" the motion to compel but received no response. Doc. 20 at 6. The defendants seek responses to the requests and an award of expenses incurred in bringing the motion. Doc. 20 at 2–5.

Presented with no reason why the requested relief would be unwarranted, the Court **grants** the motion to compel, Doc. 20, and **directs** the plaintiff, by **February 3, 2017**, to respond in full and without objection to the discovery requests, Doc. 20-1. If she fails to do so, the defendants may renew their request for dismissal sanctions, Doc. 20 at 6–7, by filing an appropriate motion and legal memorandum.

Because the Court grants the defendants' motion to compel, it must, after giving the plaintiff an opportunity to be heard, require her or her counsel to pay the "reasonable expenses" incurred in bringing the motion, subject to a few exceptions. *See* Fed. R. Civ. P. 37(a)(5)(A). The Court **directs** the plaintiff, by **February 3, 2017**, to show cause, if any, why the Court should not require her or her counsel to pay the defendants' reasonable expenses incurred in bringing the motion to compel. Alternatively, her counsel may confer with opposing counsel to resolve the issue of expenses and inform the Court by that date whether they have resolved it.

**Ordered** in Jacksonville, Florida, on January 9, 2017.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record