United States District Court
Middle District of Florida
Jacksonville Division

**CANDI CAKE,**

    *Plaintiff,*

v.                                                                                                  NO. 3:16-CV-102-J-32PDB

**CASUAL CONCEPTS, INC.,
RONALD LEGRAND, & JOHN LONG,**

    *Defendants.*

---

## Report & Recommendation

Candi Cake brings claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, and the Florida Minimum Wage Act, Fla. Stat. § 448.110, based on alleged failures to pay wages and retaliation for complaining about the failures. This report and recommendation addresses (1) the defendants' request for expenses incurred in filing a renewed motion to disqualify Dale Morgado, Esquire, from representing Ms. Cake in this action, Doc. 39 at 6; and (2) Ms. Cake's failure to show cause why her case should not be dismissed for failure to prosecute and follow the Court's order, Doc. 44.

### I.   Background

At a hearing last year, the defendants' counsel moved to disqualify Mr. Morgado from representing Ms. Cake in this action based on his repeated failure to respond to discovery-related communications, his alleged misrepresentations to the Court about his ability to prosecute this case, and the pendency of a state-court writ of bodily attachment the defendants' counsel contended would prevent Mr. Morgado from entering the state and adequately representing Ms. Cake. Doc. 36 at 30. Details of conduct prompting that motion and delays caused by that conduct are in the report

and recommendation entered on August 16, 2017. Doc. 34. The Court denied the request to disqualify Mr. Morgado but warned him that "any unexcused delay in responding to emails, providing discovery, or complying with deadlines may result in an order requiring him to withdraw." Doc. 35 at 2. The Court then entered an amended scheduling order. Doc. 38.

A month later, the defendants renewed their motion to disqualify Mr. Morgado, explaining he had failed to respond to repeated attempts to contact him. Doc. 39. They also requested an award of reasonable expenses incurred in bringing the motion. Doc. 39 at 6. The Court directed Mr. Morgado to respond to the motion and cautioned that, if he did not, the Court would grant the motion and "award the defendants reasonable expenses incurred in filing the motion." Doc. 40 at 1. He did not, and the Court disqualified him and directed the defendants' counsel to provide evidence of reasonable expenses. Doc. 42 at 1–2. The defendants' counsel filed a billing statement and affidavits, which show Sean Walsh—an associate of Jackson Lewis, P.C., and member of the Florida Bar since 2014—spent 2.4 hours at $216 an hour preparing the motion to disqualify; Richard Margulies—a principal of Jackson Lewis, P.C., and member of the Florida Bar since 1986 with an AV rating by Martindale Hubbell—spent 0.4 hours at $396 an hour revising the motion; and Jackson Lewis, P.C., billed the defendants for those hours, for a total of $676.80. Docs. 43-1, 43-2.

In the same order, the Court directed Ms. Cake to, by January 5, 2018, file either a notice that she intends to proceed without a lawyer or have new counsel enter an appearance on her behalf. Doc. 42 at 2. When she failed to do either, the Court ordered her to show cause by March 23, 2018, why her case should not be dismissed for failure to prosecute and failure to follow the Court's order. Doc. 44. The latter order was sent to her last known residential address and email address, and neither was returned as undeliverable. She failed to respond, and the time for doing so passed more than two months ago.

## II. Law & Analysis

### A. *Expenses*

Section 1927 of Title 28 of the United States Code provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.[1]

Section 1927 is penal in nature and therefore must be strictly construed. *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010). An attorney multiplies court proceedings unreasonably and vexatiously only if his conduct is "so egregious that it is tantamount to bad faith." *Id.* at 1282. The standard is objective, with the attorney's conduct compared to how a reasonable attorney would have acted under the circumstances. *Id.* at 1284. Thus, § 1927 may be applied even if the attorney does not act knowingly and malevolently. *Id.* at 1291. The amount "cannot exceed the costs occasioned by the objectionable conduct." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010).

Mr. Morgado's conduct, as compared to a reasonable attorney under the same circumstances, is tantamount to bad faith and has unreasonably and vexatiously multiplied the proceedings. Earlier, he did not respond to a motion to compel and ignored the court-imposed deadline to respond to discovery requests and show cause why expenses should not be awarded. Based in part on his later representation that his health was to blame but would not be an issue going forward, the Court found no bad faith but warned him that "any unexcused delay in responding to emails,

---

[1] "[T]o achieve the orderly and expeditious disposition of cases," a court also has inherent authority to assess attorney's fees for "willful disobedience of a court order" or where a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42, 45–46 (1991). It is unnecessary to decide whether sanctions are also warranted under the Court's inherent authority.

providing discovery, or complying with deadlines may result in an order requiring him to withdraw." Doc. 35 at 2. Shortly thereafter, he failed to respond to repeated attempts by the defendants' counsel to contact him about case matters and to the Court's order directing him to show cause why he should not be disqualified. Doc. 40 at 1. Because of his actions and inactions, the Court has had to twice vacate the case management and scheduling order. Docs. 30, 42. Requiring him to pay the expenses incurred in filing a renewed motion to disqualify him is warranted. *See Norelus*, 628 F.3d at 1298 ("The time, effort, and money a party must spend to get another party sanctioned realistically is part of the harm caused by that other party's wrongful conduct.").

To decide if attorney's fees ordered to be paid under § 1927 are reasonable, courts have applied the lodestar approach explained in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), and *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). *See, e.g.*, *Danubis Grp., LLC v. Landmark Am. Ins. Co.*, 685 F. App'x 792, 801–03 (11th Cir. 2017). Under that approach, a court's "starting point" is a calculation of the lodestar figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. To arrive at a reasonable amount, the court then considers other factors that require an adjustment of the lodestar figure. *Id.* at 433–37. A "reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.

Considering the information about defense counsel, *see* Doc. 43-1, and my own knowledge of the local market, the rates charged by them ($396 an hour for Mr. Margulies and $216 an hour for Mr. Walsh) are the prevailing market rates for similar services by lawyers of reasonably comparable skills, experience, and reputation in Jacksonville and are reasonable, *see Norman*, 836 F.2d at 1299.[2]

---

[2] The Court previously found slightly lower rates charged by the defendants' counsel reasonable. *See* Doc. 34 at 21 (recommending finding reasonable rates of $378 an hour for Richard Margulies, Esquire, and $207 an hour for Sean Walsh, Esquire); Doc.

Considering the billing records showing no work that was duplicative, clerical, inflated, or otherwise unnecessary, *see* Doc. 43-2 at 3, the time they spent to prepare the renewed motion (2.4 hours by Mr. Walsh and 0.4 hours by Mr. Margulies) is reasonable. Using those figures, the lodestar is $676.80. No factor warranting increasing or decreasing that amount is alleged or apparent.[3]

### B.     *Failure to Prosecute*

Under Local Rule 3.10, if it appears a plaintiff is not diligently prosecuting her case, "the Court may … enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." Federal Rule of Civil Procedure 41(b) allows a court to dismiss a case for failure to prosecute. "Although the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to achieve the orderly and expeditious disposition of cases." *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (internal marks and quoted authority omitted); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts have inherent power to "act *sua sponte* to dismiss a suit for failure to prosecute"); *West v. Peoples*, 589 F. App'x 923, 928 (11th Cir. 2014) ("[I]t is well-established that a district court has the power to manage its own docket, which includes the inherent power to dismiss an action for failure to prosecute or for failure to obey a court order.").

---

35 at 2 (order adopting fee-award recommendation). They presumably ask for higher rates now because their rates increased from 2016 (when they worked on the motion to compel) to 2017 (when they worked on the renewed motion to disqualify).

[3]When exercising discretion to sanction, a court must consider the financial circumstances of the person being sanctioned. *Danubis*, 685 F. App'x at 804; *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002). Mr. Morgado had an opportunity to respond to the renewed motion to disqualify him and, when the defendants' counsel submitted billing records, an opportunity to contest the amount requested. Had he presented information of his ability to pay a fee award, the Court could have considered it.

Ms. Cake has not complied with the Court's order directing her to show cause why her case should not be dismissed for failure to prosecute and failure to respond to the Court's order directing her to file a notice stating how she intends to proceed in the case. Doc. 44. The order to show cause warned her failure to respond could result in dismissal of the case. Doc. 44. Dismissal without prejudice for failure to prosecute is warranted.

### III. Recommendations

I recommend:

1. **granting** the defendants' request for reasonable expenses incurred in bringing the renewed motion to disqualify Mr. Morgado, Doc. 39 at 6, and requiring Mr. Morgado to pay them **$676.80** within 60 days of the order on this report and recommendation; and

2. **dismissing** the case **without prejudice** for failure to comply with the Court's order or otherwise prosecute the case.

**Entered** in Jacksonville, Florida, on June 5, 2018.[4]

                                          PATRICIA D. BARKSDALE
                                          *United States Magistrate Judge*

---

[4] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(a), (b)(3); 28 U.S.C. § 636(b)(1)(A), (B); 11th Cir. R. 3-1; Local Rule 6.02.

c: Counsel of Record

    Dale Morgado, Esquire
    85 Wall Street, Suite 1100
    New York, NY 10005
    djm@morgado.legal

    Candi Cake
    3119 Belden Circle, #3
    Jacksonville, FL 32207
    canndii5150@gmail.com